JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
KIMBERLY M. FRAYN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336/ Fax: 702.388.6418
Kimberly.Frayn@usdoj.gov
*Attorneys for the United States*

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
          COUNSEL/PARTIES OF RECORD

          JUL 12 2024

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY: _____ DEPUTY
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEANDRA MICHELLE SMITH,<br><br>Defendant. | Case No. 2:22-mj-642-DJA<br><br>ORDER to Extend Deadlines to **Conduct Preliminary Hearing and File Indictment**<br>(Seventh Request) |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Kimberly M. Frayn, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender, and Brian Pugh, Esq., Assistant Federal Public Defender, counsel for Defendant Deandra Michelle Smith that the Court vacate the Preliminary Hearing schedule for July 15, 2024, and continue it for 90 days. This request requires that the Court extend two deadlines: (1) that a preliminary hearing be conducted within 21 days of an undetained defendant's initial appearance, *see* Fed. R. Crim. P. 5.1(c); and (2) that an information or indictment be filed within 30 days of a defendant's arrest, *see* 18 U.S.C. § 3161(b).

This stipulation is entered into for the following reasons:

1. Defendant and defense counsel need additional time to receive and review discovery, conduct any necessary follow up investigation, and engage in pretrial motion practice, if warranted, before the Preliminary Hearing. Also, the parties are continuing to communicate to see if this matter can be resolved pre-indictment by plea negotiation and hope to be concluding the negotiation successfully in the near future. If an agreement can be negotiated, the preliminary hearing could be vacated to conserve judicial resources once a change of plea hearing is held.

2. Undersigned government counsel needs additional time to prepare for the Preliminary Hearing.

3. The defendant is currently under the United States Pretrial Service's supervision and does not object to the requested continuance.

4. Under Federal Rule of Criminal Procedure 5.1(c), the Court "must hold the preliminary hearing within a reasonable time, but no later than 21 days after the initial appearance if the defendant is not in custody . . . ."

5. However, under Rule 5.1(d), "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times . . . ."

6. Furthermore, under the Speedy Trial Act, 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

7. Additionally, Defendant needs additional time to investigate potential defenses to make an informed decision as to how to proceed.

8. Accordingly, the parties jointly request that the Court schedule the preliminary hearing in this case no sooner than 90 days from the current hearing date, July 15, 2024.

9. Defendant is not in custody and agrees to the extension of the 21-day deadline imposed by Rule 5.1(c) and waives any right to remedies under Rule 5.1(c) or 18 U.S.C. § 3161(b), provided that the information or indictment is filed on or before the date ordered pursuant to this stipulation.

10. The parties agree to the extension of that deadline.

11. Accordingly, the additional time requested by this stipulation is allowed under Federal Rule of Criminal Procedure 5.1(d).

12. In addition, the parties stipulate and agree that the time between today and the preliminary hearing is excludable in computing the time within which the defendant must be indicted, and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

/ / /

/ / /

/ / /

13. This is the seventh request for an extension of the deadlines by which to conduct the Preliminary Hearing and to file an indictment.

DATED this 11th day of July, 2024.

Respectfully Submitted,

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
| /s/ Brian Pugh<br>BRIAN PUGH<br>Assistant Federal Public Defender<br>Counsel for Defendant SMITH | /s/ Kimberly M. Frayn<br>KIMBERLY M. FRAYN<br>Assistant United States Attorney |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>DEANDRA MICHELLE SMITH,<br><br>   Defendant. | Case No. 2:22-mj-642-DJA<br><br>**Order on Stipulation to Extend Deadlines to Conduct Preliminary Hearing and File Indictment** |

Based on the stipulation of counsel, good cause appearing, and the best interest of justice being served; the time requested by this stipulation being excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), and Federal Rule of Criminal Procedure 5.1, considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv):

IT IS THEREFORE ORDERED that the preliminary hearing currently scheduled for July 15, 2024, be vacated and continued to October 28, 2024, at 4:00 p.m., Ctrm 3A.

DATED this 12th day of July, 2024



_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

The Court recognizes it's last Order stated it would look with disfavor on any further requests and only grant them in extenuating circumstances, and extenuating circumstances do not appear to exist here. However, the Court will grant one LAST continuance in deference to counsel's stipulation. If the matter is not otherwise resolved by the time of the next setting, the matter WILL proceed to Preliminary Hearing